## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 24 2019, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.W.J.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner* | October 24, 2019<br><br>Court of Appeals Case No.<br>19A-JV-1046<br><br>Appeal from the<br>Tippecanoe Superior Court<br><br>The Honorable<br>Faith A. Graham, Judge<br><br>Trial Court Cause No.<br>79D03-1901-JD-6 |

**Vaidik, Chief Judge.**

[1]     J.W.J. was adjudicated a delinquent for committing what would be two counts of Level 3 felony rape and two counts of Level 6 felony strangulation if

committed by an adult. Before the dispositional hearing, J.W.J. underwent a psycho-sexual assessment with a therapist at Families United, Inc., who recommended that he be placed in a residential facility because he refused to admit to the offenses, which the community-based program at Families United required. The probation department agreed and recommended that J.W.J. be placed on probation and sent to Pierceton Woods Academy, a residential facility, as a condition of his probation.

[2] At the dispositional hearing, the juvenile court asked the State if it had any evidence to present, and the State responded that it only had the probation department's recommendation. The court then asked defense counsel if she had any evidence to present, and defense counsel responded "No," as J.W.J. was "in agreement with Probation's recommendation." Tr. p. 127. When the court asked defense counsel to clarify whether J.W.J. was "in agreement with the recommendation to go to Pierceton Woods," she said "Yes." *Id.* Finally, the court asked J.W.J.'s mother if she agreed with the probation department's recommendation, and she responded "Yes." *Id.* at 128. A probation officer then testified that the probation department recommended Pierceton Woods because J.W.J. "denie[d] any wrongdoing," which made a community-based program like Families United inappropriate. *Id.* at 129. Notably, defense counsel did not ask the probation officer any questions or present any evidence or argument that another option was more appropriate. The court accepted the probation department's recommendation.

[3]  J.W.J. now appeals, arguing that the court abused its discretion in placing him at Pierceton Woods. The State responds that J.W.J. "invited any alleged error in his placement and consequently cannot seek to take advantage of it on appeal." Appellee's Br. p. 10. We agree with the State. Pursuant to the invited-error doctrine, a party cannot take advantage of an error he "commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018). At the dispositional hearing, J.W.J. and his mother agreed that he should be placed at Pierceton Woods and did not present any evidence or argument that another option was more appropriate. J.W.J. didn't address these crucial facts in his brief or file a reply brief to respond to the State's invited-error argument. We therefore affirm the juvenile court.

Affirmed.

Riley, J., and Bradford, J., concur.